IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 6, 2011 Session

DAVID CANTRELL[1] v. JOE EASTERLING, WARDEN

**Appeal by Permission from the Court of Criminal Appeals
Circuit Court for Hardeman County
No. 09-02-0415      Joe Walker, Judge**

No. W2009-00985-SC-R11-HC - Filed August 1, 2011

We granted this appeal to determine if the defendant's four sentences for aggravated rape are illegal because each of the four uniform judgment documents designates the defendant as a "Multiple 35% Range 2" offender and does not designate the defendant as a "Multiple Rapist." Because the four uniform judgment documents indicate that the defendant is eligible for early release on parole, which is in direct contravention of a statutory provision, we hold that the four sentences are illegal and void. The defendant's underlying convictions of aggravated rape, which arose from a jury verdict before a court of competent jurisdiction, remain intact. We remand this matter to the sentencing court for the entry of four amended judgment orders, each to set forth the legal sentence on each of the defendant's four convictions of aggravated rape, including the designation that the defendant is a "Multiple Rapist."

**Tenn. R. App. 11 Appeal by Permission; Judgment
of the Court of Criminal Appeals Reversed;
Remanded to the Sentencing Court.**

CORNELIA A. CLARK, C.J., delivered the opinion of the Court, in which WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined. GARY R. WADE, J., filed a separate opinion in which JANICE M. HOLDER, J., joined.

Sharon Harless Loy, Memphis, Tennessee, for the appellant, David Cantrell.

Robert E. Cooper, Jr., Attorney General & Reporter; Gordon W. Smith, Associate Solicitor General; Rachel E. Willis, Senior Counsel; for the appellee, State of Tennessee.

---

[1] The record before the Court identifies Mr. Cantrell variously as "David Cantrell," "David L. Cantrell," "David M. Cantrell," and "David MacArthur Cantrell."

# OPINION

## Factual and Procedural Background

In 1995, a jury convicted David Cantrell ("Defendant") of four counts of aggravated rape, a Class A felony, and one count of false imprisonment, a Class A misdemeanor, that he committed earlier that year. The trial court sentenced Defendant to forty years on each of the aggravated rape convictions and structured service of the sentences to result in an effective term of eighty years. On each of the four judgment orders entered on the aggravated rape convictions, Defendant is designated a "Multiple 35% Range 2" offender. Although each judgment order also contains a place in which to designate the offender a "Multiple Rapist," none of Defendant's four judgment orders on his aggravated rape convictions reflects this designation.

Defendant appealed, challenging the sufficiency of the evidence and claiming that his effective eighty-year sentence was excessive. The Court of Criminal Appeals affirmed Defendant's convictions and sentence. Although the intermediate appellate court made specific mention of Defendant's sentencing classification as a "Range II Multiple Offender," it did not address that classification as error. See State v. Cantrell, C.C.A. No. 01C01-9604-CC-00136, 1997 WL 661496, at *5-6 (Tenn. Crim. App. Oct. 24, 1997). This Court denied Defendant's application for permission to appeal. Id., perm. appeal denied (Tenn. July 6, 1998).

On April 21, 2009, Defendant filed a pro se petition for writ of habeas corpus on the basis that the trial court did not have authority to sentence him as a multiple, Range II offender "with a release eligibility of 35%." The habeas corpus court denied relief, ruling that Defendant's sentences on his aggravated rape convictions were not illegal. Defendant appealed and the Court of Criminal Appeals affirmed, concluding that the designation of Defendant as a "Multiple 35% Range 2" offender was "merely a clerical error." Cantrell v. Easterling, No. W2009-00985-CCA-R3-HC, 2010 WL 848810, at *5 (Tenn. Crim. App. Mar. 10, 2010) The intermediate appellate court reasoned as follows:

> Because a multiple rapist must serve his entire sentence by operation of law rather than by designation of the trial court, a judgment's notation that a multiple rapist is anything other than a multiple rapist generally does not create an egregiously illegal sentence "to the point of voidness."

Id. at *4 (citing Braden v. Bell, No. M2004-01381-CCA-R3HC, 2005 WL 2008200, at *3-4 (Tenn. Crim. App. Aug. 19, 2005)).

We granted permission to appeal to address, once again, the effect of a judgment order which sets forth a sentence that directly contravenes a statute.

## STANDARD OF REVIEW

Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Accordingly, our review is de novo with no presumption of correctness given to the conclusions of the court below. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

## ANALYSIS

### I.  Erroneous Sentences

The Tennessee Criminal Sentencing Reform Act of 1989 ("the Sentencing Act") is codified at Tennessee Code Annotated sections 40-35-101 through -505 (2010). It consists of sixty-six statutes, many containing multiple parts. The multitude of cases explicating these statutes demonstrates that, in application, the Sentencing Act presents challenges to both trial and appellate courts. Mistakes are inevitable. A recurring issue before Tennessee's trial and appellate courts is what to do about these mistakes. The avenue of relief and remedy depends upon what type of error infects the sentence.

### *A.  Clerical Errors*

Some errors arise simply from a clerical mistake in filling out the uniform judgment document. As to these types of errors, which we will refer to as "clerical errors," Tennessee Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission."[2]

---

[2] While this Court has referred to Rule 36 in the context of trial courts attempting to amend judgments so as to preserve a certified question, see State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Pendergrass, 937 S.W.2d 834, 837-38 (Tenn. 1996), this Court has not relied on Rule 36 in the context of a defendant's claim that his sentence is illegal.

Our Court of Criminal Appeals has, however, commented on the proper use of Rule 36 to amend judgments of conviction to correct an error in sentencing:

> In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment

(continued...)

For instance, in <u>Wilkerson v. Carlton</u>, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227 (Tenn. Crim. App. Nov. 20, 2008), the defendant was convicted of first degree murder, especially aggravated robbery, and theft over $1,000. The transcript of the sentencing hearing revealed that the trial court sentenced the defendant to twenty-five years on the robbery conviction and four years on the theft conviction. In filling out the uniform judgment documents, however, the trial court mistakenly transposed the sentences for the robbery and theft convictions. Thus, the uniform judgment order on the defendant's especially aggravated robbery conviction set forth a sentence of four years, and the judgment order on the defendant's theft over $1,000 conviction set forth a sentence of twenty-five years. The Court of Criminal Appeals correctly determined that this error was clerical in nature and affirmed the habeas corpus court's ruling that the judgments be forwarded to the sentencing court for correction. <u>Id.</u> at *4-6.

### B. Appealable Errors

A second category of errors, which we will label "appealable errors," consists of those errors for which the Sentencing Act specifically provides a right of direct appeal:

> The defendant in a criminal case may appeal from the *length, range or the manner of service* of the sentence imposed by the sentencing court. The defendant may also appeal the *imposition of consecutive sentences*. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. . . . *There is no appellate review of the sentence in a postconviction or habeas corpus proceeding*.

Tenn. Code Ann. § 40-35-401(a) (emphases added). Similarly,

---

[2](...continued)
was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

State v. Thomas, C.C.A. No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995). The transcript of the sentencing hearing is not included in the record before us in this case. We note, however, that Defendant asserted in his motion to reconsider, filed after the habeas corpus court denied relief, that the sentencing court informed him during the sentencing hearing "that he would be eligible for parole after serving 35%" of his sentence. If the uniform judgment documents prepared and entered on Defendant's aggravated rape convictions accurately reflect the actual sentences imposed, then relief under Tennessee Rule of Criminal Procedure 36 is not available. See Coleman v. Morgan, 159 S.W.3d 887, 892 (Tenn. Crim. App. 2004) (concluding that Rule 36 did not apply where transcript of defendant's guilty plea hearing indicated that illegal sentence reflected on judgment document was sentence actually imposed).

The district attorney general in a criminal case may appeal from the *length, range or manner of the service* of the sentence imposed by the sentencing court. The district attorney general may also appeal the *imposition of concurrent sentences*. In addition, the district attorney general may also appeal the amount of fines and restitution imposed by the sentencing court.

Id. § 40-35-402(a). And, Tennessee Code Annotated sections 40-35-106(d), -107(d), and -108(d) provide that either party may appeal from a trial court's determination that a defendant is a multiple, persistent, or career offender.[3] Additionally, the district attorney may appeal a trial court's finding that a defendant is an especially mitigated offender. Id. § 40-35-402(b)(4). The errors contemplated by these statutory provisions occur when the trial court draws a conclusion not supported by the evidence. That is, these are errors that arise from a trial court's *findings of fact*.[4]

A brief consideration of the methodology used to determine a defendant's offender classification (which also determines his sentencing range), the length of his sentence, the manner of service of his sentence, and whether multiple sentences should run concurrently or consecutively, demonstrates why these issues depend upon findings of fact and are therefore appropriately raised only on direct appeal.[5] Pursuant to our current sentencing scheme, a trial court's first obligation in imposing a sentence is to "determine the appropriate range of sentence." Id. § 40-35-210(a). Our sentencing scheme sets forth three ranges: Range I, Range II, and Range III. Id. § 40-35-112. The higher the range, the longer the sentence. See id. A criminal defendant's offender classification, and therefore his sentencing range, is determined on the basis of his or her prior convictions, if any. See id. §§ 40-35-105 through -109. Thus, for example, a defendant who has "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class [for which the defendant is being currently sentenced], a higher class, or within the next two (2) lower felony classes" is a "multiple offender." Id. § 40-35-106(a)(1). The sentencing range for a

---

[3] For sentencing purposes, convicted defendants are classified as either "especially mitigated," "standard," "multiple," "persistent," or "career" offenders. See Tenn. Code Ann. §§ 40-35-109, -105, -106, -107, -108. Under certain circumstances, a defendant may also be found a "repeat violent offender." Id. § 40-35-120.

[4] We assume for the sake of this discussion that the trial court is applying the correct statutes to its findings of fact when fashioning the sentence.

[5] Consistent with our recognition that these matters are appropriate for direct appeal, we have emphasized that, in the event a defendant enters into a plea-bargain, he or she waives any subsequent complaint about offender classification and length of sentence, "so long as [the sentence] does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007) (citing Hicks v. State, 945 S.W.2d 706, 707 (Tenn. 1997)).

multiple offender is Range II, id. § 40-35-106(c), which translates into a term of two to forty years, depending upon the class of the felony for which the defendant is being sentenced, id. § 40-35-112(b).

A trial court's conclusion that a defendant is, for example, a multiple offender, and therefore subject to a Range II sentence, rests on issues of *fact* – the number, classes, and dates of his prior convictions – which must be determined "beyond a reasonable doubt." Id. § 40-35-106(c). Accordingly, a trial court's "finding" that a defendant is a multiple offender "is appealable by either party." Id. § 40-35-106(d). So, if a defendant is aggrieved by the trial court's determination that he is a multiple offender, he may raise this issue on direct appeal. Such an appeal is in the nature of a challenge to the sufficiency of the evidence.

Similarly, the length of a defendant's sentence is based in part upon the trial court's consideration of the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. See id. § 40-35-210(b); but see id. § 40-35-108(c) ("A defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III."). Again, each of these factors must be established through proof and, when relying on any of these factors, the trial court is, in essence, making findings of fact. Likewise, the manner in which a defendant is ordered to serve his sentence, e.g., on probation or incarcerated, depends on the proof offered at the sentencing hearing and findings of fact made by the trial court. See id. § 40-35-210(f). And, finally, whether a defendant is ordered to serve multiple sentences concurrently or consecutively generally depends upon the proof supporting, and the trial court's findings of fact regarding, the factors set forth in section 40-35-115. In short, a challenge to a defendant's sentence on any of these bases is akin to a challenge to the sufficiency of the evidence supporting a conviction. Thus, the Sentencing Act makes clear that errors of this nature are to be addressed on direct appeal and *not* in a post-conviction or habeas corpus proceeding.[6]

_____

[6] See Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993) (recognizing that habeas corpus cannot be utilized to "impeach a judgment as contrary to the facts") (quoting State ex rel. Karr v. Taxing Dist. of Shelby Cnty., 84 Tenn. (16 Lea) 240, 249 (1886)). See also State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963) (recognizing that "a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction" and "cannot be used to serve the purpose of an appeal or writ of error"); Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (recognizing that a defendant may not challenge the sufficiency of the convicting evidence in a habeas corpus proceeding). We recognize, however, that, if the trial court relies on an inapplicable statute when fashioning its sentence, a collateral attack on the sentence may be appropriate. See, e.g. McConnell v. State, 12 S.W.3d 795, 796, 800 (Tenn. 2000) (post-conviction relief granted where trial court sentenced defendant pursuant to wrong sentencing act). In that event, however, the attack is not on the facts underlying the trial court's ruling, but on the trial court's application of the law to the facts.

Release eligibility dates ("REDs") are of a different nature altogether. An RED is the date upon which an inmate becomes eligible for parole. See Tenn. Code Ann. § 40-35-501(a). Release on parole is, of course, not a right but a privilege. Id. § 40-35-503(b); Davis v. State, 313 S.W.3d 751, 756 n.5 (Tenn. 2010). Parole determinations are made by the Board of Probation and Parole, not trial courts. Tenn. Code Ann. §§ 40-28-118(a) (2006), 40-35-503(a).

A defendant's RED does not depend directly upon factual findings by the trial court, but is determined entirely by statute. See Tenn. Code Ann. § 40-35-501. While not explicitly determined or assigned by trial courts, REDs are generally dependent upon a defendant's offender classification. Thus, for instance, "[r]elease eligibility for each defendant sentenced as a Range I standard offender shall occur after service of thirty percent (30%) of the actual sentence imposed less sentence credits earned and retained by the defendant," and "[r]elease eligibility for each defendant sentenced as a Range II multiple offender shall occur after service of thirty-five percent (35%) of the actual sentence imposed less sentence credits earned and retained by the defendant." Tenn. Code Ann. § 40-35-501(c), (d).

Although a trial court does not assign an RED to a defendant at sentencing (except insofar as the trial court assigns an offender classification), this Court has recognized that a defendant and the State may agree to "mix and match" offender classifications and REDs pursuant to a plea bargain. As we stated in Davis,

> the parties may agree to a "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain *so long as* (1) the term of years is within the overall range of years specified for the offense, and (2) the RED is not less than the minimum allowable for the offense.

313 S.W.3d at 760 (citations omitted). See also McConnell v. State, 12 S.W.3d 795, 799 (Tenn. 2000) ("The 1989 [Sentencing] Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits."). Thus, a defendant may agree to be sentenced as a Range I standard offender with an RED of thirty-five percent even if the facts would support a different offender classification and different RED. Such a plea-bargained sentence may not, however, contravene the Sentencing Act. That is, both the offender classification and the RED must be available for the plea offense under the Act.

## C. Fatal Errors

We refer to the third category of sentencing errors as "fatal errors" because they are

so profound as to render the sentence illegal and void. An illegal sentence is one which is "in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). We also include within the rubric "illegal sentences" those sentences which are not authorized under the applicable statutory scheme. Davis, 313 S.W.3d at 759.

> Examples of illegal sentences include
>
> (1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) *a sentence designating a [release eligibility date] where . . . specifically prohibited by statute*; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

Id. (citations omitted) (emphasis added). See also, e.g., May v. Carlton, 245 S.W.3d 340, 348-49 (Tenn. 2008) (granting habeas corpus relief where the judgment included a declaration of infamy for a crime not declared infamous by the statutes in effect when the offense was committed and the sentence imposed); Smith v. Lewis, 202 S.W.3d 124, 127-28 (Tenn. 2006) (holding a sentence illegal because it included a release eligibility percentage in clear contravention of a statute requiring child rapists to serve their entire sentence); Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000) (granting habeas corpus relief where the judgment included an "illegal and void" sentence of life imprisonment without the possibility of parole which was not available under the statute in effect at the time the defendant committed the offense); McConnell, 12 S.W.3d at 800 (granting post-conviction relief because the trial court sentenced the defendant under the wrong sentencing act); Burkhart, 566 S.W.2d at 873 (describing as illegal and a "nullity" a judgment which imposed concurrent sentences in "direct contravention" of a statute requiring consecutive sentences); Lynch v. State ex rel. Killebrew, 166 S.W.2d 397, 398 (Tenn. 1942) (holding a judgment "void" because the trial court acted "beyond [its] jurisdiction" in sentencing a minor to the "State Training and Agricultural School for one year" when the relevant statute only authorized sentencing to the "workhouse or jail").

Drawing the distinction among these various categories has proved vexatious for our courts, yet it is crucial to determine the category into which an alleged sentencing error falls, because the avenues of relief are significantly different. Errors belonging to the category known as "clerical mistakes" are addressed pursuant to Tennessee Rule of Criminal Procedure 36. Errors belonging to the category which we have labeled "appealable errors" may be addressed only on direct appeal. Only sentences containing "fatal errors," and which

are therefore illegal, may be addressed through the collateral proceeding of habeas corpus.[7] See Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005).

## II. Illegal Sentences

In 1978, this Court recognized that a trial court has the authority to correct an illegal sentence at any time. Burkhart, 566 S.W.2d at 873. We did not at that time, however, set forth the procedure to be followed for seeking the correction of an allegedly illegal sentence. A year later, Tennessee's Rules of Criminal Procedure became effective. Unfortunately, the Rules did not contain a specific procedural mechanism for seeking relief from an allegedly illegal sentence. In 2005, this Court determined that habeas corpus was a correct procedural mechanism to use for seeking the correction of an illegal sentence. Moody, 160 S.W.3d at 516.

Although the Tennessee Constitution guarantees the *right* to seek habeas corpus relief, see Tenn. Const. art. I, § 15, the *procedure* for seeking state habeas corpus relief is regulated by statute. See Tenn. Code Ann. §§ 29-21-101 through -130 (2000 and Supp. 2010). "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102 [dealing with federal prisoners], may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Id. § 29-21-101 (2000). Although this statutory language is broad, this Court has long recognized "the limited nature of the relief available pursuant to the writ of habeas corpus." Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993) (citing State ex rel. Karr v. Taxing Dist. of Shelby Cnty., 84 Tenn. (16 Lea) 240, 249-50 (1886)). To wit, "'[w]hen the restraint, from which relief is sought by a writ of *habeas corpus*, proceeds from a judgment erroneous but not void, the writ will not lie.'" Archer, 851 S.W.2d at 161 (quoting Karr, 84 Tenn. at 249). Thus, the key issue becomes whether the challenged judgment is "void." And, as we explained many years ago,

> [a] void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given.

Lynch, 166 S.W.2d at 398 (quoting New York Cas. Co. v. Lawson, 160 Tenn. 329, 336

---

[7] "A void or illegal sentence also may be challenged collaterally in a post-conviction proceeding when the statutory requirements are met." Moody, 160 S.W.3d at 516 n.2 (citing State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)).

(1930)).  Stated slightly differently,

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer, 851 S.W.2d at 164.  "[F]or purposes of habeas corpus proceedings, the term 'jurisdiction' is synonymous with the term 'authority.'" Edwards v. State, 269 S.W.3d 915, 920-21 (Tenn. 2008) (citing Lynch, 166 S.W.2d at 398-99).

The separate concurring opinion maintains that this Court has drawn distinctions between illegal sentences imposed by the trial court without a plea bargain and illegal sentences imposed pursuant to a plea bargain.  We disagree.  A trial court either has jurisdiction to impose the sentence or it does not, regardless of how the specific sentence is determined.  If the trial court has the statutory authority to impose a particular sentence, habeas corpus relief is not available.  See Edwards, 269 S.W.3d at 921 (recognizing that this Court's decisions "illustrate that the availability of habeas corpus relief is not dependent upon the manner of imposition of the sentence").

The actual distinction we have drawn is between sentences that are statutorily available but ordinarily inapplicable to a given defendant and those that are simply unavailable under the Sentencing Act.  For example, a defendant with a single prior conviction of a Class C felony may be charged with a Class A felony.  On conviction, such a defendant typically would be sentenced as a standard offender. See Tenn. Code Ann. § 40-35-105(a).  Standard offenders are sentenced within Range I. Id. § 40-35-105(b).  A Range I sentence for a Class A felony is fifteen to twenty-five years. Id. § 40-35-112(a)(1).  The RED for a Range I sentence is thirty percent. Id. § 40-35-501(c).  The defendant is therefore subject to a minimum term of incarceration of four years and six months (less any applicable sentence credits) if he is convicted as charged.  However, the defendant and the State may agree for the defendant to plead guilty to a Class B felony as a Range II multiple offender for the minimum term.  A Range II sentence for a Class B felony is twelve to twenty years, id. § 40-35-112(b)(2), and the RED is thirty-five percent, id. § 40-35-501(d).  Under the plea agreement, the defendant would be eligible for parole after serving four years and approximately two and one-half months.  Although the defendant in this scenario does not have the prior convictions that would ordinarily result in the multiple offender classification, see id. § 40-35-106(a), his agreement to be sentenced as a Range II offender does not create a jurisdictional problem because Range II sentences for Class B felonies are available under the Sentencing Act, id. § 40-35-112(b)(2).  This Court considers the defendant to have

-10-

waived any complaint he might later lodge concerning this legal, if irregular, sentence. See, e.g., Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). No jurisdictional defect exists because the trial court had the statutory authority to impose the sentence and the sentence contravenes no statute.

By the same token, a trial court may miscount the number of prior convictions that a defendant has. In so doing, the trial court may classify a defendant as a multiple offender when she should be classified as a standard offender. While the defendant may seek to correct such an error on direct appeal, she may not do so in a habeas corpus proceeding because the erroneous offender classification is not outside the trial court's jurisdiction. See Edwards, 269 S.W.3d at 924. That is, the classification is available under the Sentencing Act and is not in direct contravention of a statute. Such a sentence is, by definition, neither illegal nor void.

Because habeas corpus relief is available only where the judgment being attacked is "void" or where the sentence has expired, petitioners must cast their allegations this way, and this Court has been asked numerous times to determine whether a particular sentence is illegal and therefore void. See, e.g., Davis, 313 S.W.3d at 754; May, 245 S.W.3d at 342; Summers v. State, 212 S.W.3d 251, 254 (Tenn. 2007); Smith, 202 S.W.3d at 125-26; Stephenson, 28 S.W.3d at 910. As recited above, we set forth in Davis four non-exclusive categories of illegal sentences, including those that designate an RED where prohibited by statute. The legality of the sentences in all of these categories generally may be determined by simply comparing the judgment order against the relevant statutes.[8] These categories do not require a court to consider matters of evidentiary sufficiency.[9] As set forth above,

---

[8] We emphasize that it is crucial for uniform judgment documents to be filled out precisely and completely. See Tenn. Code Ann. § 40-35-209(e)(1); cf. Summers, 212 S.W.3d at 255, 262 (habeas corpus petitioner did not establish that sentence was illegal because judgment orders did not set forth offense dates and petitioner failed to include with petition portions of record establishing offense dates).

[9] On occasion, a court will need to consider matters of record in addition to the judgment order under attack. For instance, Tennessee Rule of Criminal Procedure 32(c)(3) provides as follows:

Mandatory Consecutive Sentences. – When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
(A) to a sentence for a felony committed while on parole for a felony;
(B) to a sentence for escape or for a felony committed while on escape;
(C) to a sentence for a felony committed while the defendant was released on bail

(continued...)

sentences containing alleged errors dependent upon a review of the trial court's findings of fact should be challenged on direct appeal and not in a habeas corpus proceeding.[10]

If we determine that a challenged judgment is void, we must also determine which component of the judgment is void. As our Rules of Criminal Procedure make clear, a "judgment" consists of several components: "A judgment of conviction shall include: (A) the plea; (B) the verdict or findings; *and* (C) the adjudication *and* sentence." Tenn. R. Crim. P. 32(e)(2) (emphases added). See also Tenn. Code Ann. § 40-35-209(e) (setting forth the requirements of a uniform judgment document); Tenn. Sup. Ct. R. 17 (same). Thus, a judgment in a criminal case includes *both* a conviction *and* a sentence. This Court has previously recognized that the adjudication of guilt – that is, the conviction – and the sentence are distinct and severable components of the judgment. See, e.g., Smith, 202 S.W.3d at 130; State v. Stephenson, 195 S.W.3d 574, 593 (Tenn. 2006) (noting that, while habeas corpus relief was granted in prior proceeding as to defendant's illegal sentence, defendant's conviction "remained valid and in effect"). Each of these two components must be valid to be enforceable. If either of these components is void, habeas corpus relief is available. The relief will differ, however, depending upon which aspect of the judgment is invalid. As we explained in Smith, "where the illegality infects only the sentence, only the sentence is rendered void and habeas corpus relief may be granted to the extent of the sentence only. In such cases, the underlying conviction remains intact." 202 S.W.3d at 130.

Moreover, if the conviction is valid but the sentence is illegal, and therefore void, then

---

[9](...continued)
and the defendant is convicted of both offenses; and
    (D) for any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3). See also Tenn. Code Ann. §§ 39-16-605(d) (2010); 40-20-111(b) (2006); 40-28-123(a) (2006). Thus, where a defendant has been sentenced for a felony that she committed while on parole for a previous felony conviction, the judgment order for the subsequent felony may not reflect the defendant's previous parole status. A court reviewing the second judgment order would therefore have to consider matters of record beyond the face of the judgment order to determine that a consecutive sentence was mandated. Habeas corpus relief is appropriate in these cases because the trial court was without authority to sentence the defendant to a concurrent sentence.

[10] The separate concurring opinion claims that we are "explor[ing] uncharted territory" with this assertion. We rely upon the plain language of the relevant statute, which provides unequivocally that challenges to the length, range or manner of service of sentences, and whether multiple sentences are to be served concurrently or consecutively, may not be reviewed in habeas corpus proceedings. See Tenn. Code Ann. §§ 40-35-401(a).

the remedy depends upon whether the sentence was imposed pursuant to a plea-bargain.[11] If the illegal sentence was a material condition of a plea agreement, then the defendant must be given the opportunity (a) to withdraw his plea and stand trial on the original charges or (b) to enter into a legal plea agreement. See Smith, 202 S.W.3d at 129; Burkhart, 566 S.W.2d at 873. If the illegal sentence follows a valid jury verdict, however, the only remedy is the entry of an amended judgment order reflecting a legal sentence. See May, 245 S.W.3d at 348-49. The underlying conviction remains intact and the defendant's custodial status is determined by reference to the corrected, legal sentence.[12]

### III. Multiple Convictions for Aggravated Rape

Convicted defendants who are classified as "Multiple 35% Range 2" offenders are eligible for early release on parole after serving thirty-five percent of their sentence (less sentence credits). Tenn. Code Ann. § 40-35-501(d). However, Tennessee Code Annotated section 39-13-523 provides that persons convicted of multiple counts of aggravated rape "shall be required to serve the entire sentence imposed by the court" and that "[t]he provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole shall not apply to or authorize the release of a multiple rapist . . . prior to service of the entire sentence imposed by the court." Id. § 39-13-523(b), (c) (Supp. 1995). The multiple rapist classification is mandatory rather than discretionary. See Thurmond v. Carlton, 202 S.W.3d 131, 136 (Tenn. Crim. App. 2006). The uniform judgment document form contains the "Multiple Rapist" designation in order to inform the Tennessee Department of Correction ("TDOC") that the defendant is not eligible for early release.

---

[11] Effective June 11, 2009, the legislature amended the statute setting forth the grounds for seeking a writ of habeas corpus to provide as follows:

> (b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:
> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing;
> (2) The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release; or
> (3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements.

Tenn. Code Ann. § 29-21-101(b) (Supp. 2010); Act of June 2, 2009, ch. 420, § 3, 2009 Tenn. Pub. Acts __. Because Defendant filed this action prior to June 9, 2009, we do not address this amendment in this case.

[12] A new sentencing hearing may be necessary or desirable for the determination of a legal sentence. In that event, the prosecution must avoid seeking to increase the sentence out of vindictiveness. See, e.g., State v. Phipps, 959 S.W.2d 538, 546 (Tenn. 1997) (recognizing that a presumption of prosecutorial vindictiveness may be warranted where, on retrial, prosecutor seeks to increase sentence).

Because of his four convictions for aggravated rape, Defendant is statutorily ineligible for early release on parole. See Tenn. Code Ann. § 39-13-523(b), (c). Unfortunately, his four judgment orders do not correctly reflect his statutorily-required sentencing status. Instead, Defendant's four judgment orders, entered on each of his aggravated rape convictions, indicate that he is eligible for early release on parole after serving 35% of his sentence. This indication is in direct contravention of Tennessee Code Annotated section 39-13-523, which provides that he is not eligible for early release on parole. Defendant's sentences on his four aggravated rape convictions are therefore illegal and void. See Smith, 202 S.W.3d at 128. The State concedes this point in its brief to this Court.

The Court of Criminal Appeals held that the "Multiple 35% Range 2" designation in each of Defendant's four aggravated rape judgment orders was "merely a clerical error" and did not create an illegal sentence subject to habeas corpus relief. On the record before us, we must disagree. There is no evidence demonstrating that the judgment orders conflict with the sentences actually imposed by the trial court during the sentencing hearing. Cf. Coleman v. Morgan, 159 S.W.3d 887, 892 (Tenn. Crim. App. 2004) (concluding that Rule 36 did not apply where transcript of defendant's guilty plea hearing indicated that illegal sentence reflected on judgment document was sentence actually imposed); see also Braden, 2005 WL 2008200, at *6 (recognizing that a sentencing error on the judgment document may be deemed "clerical" only where "shown by the transcript of the sentencing hearing, minute book entries, or other records in the convicting case") (Tipton, J., dissenting). Moreover, the intermediate appellate court's conclusion does not take into account the binding nature of the documents on TDOC. TDOC is required to enforce judgment orders as they are written. TDOC does not have the authority to "correct" what it perceives to be errors, clerical or otherwise, in judgment orders. Burkhart, 566 S.W.2d at 873 (recognizing that "[t]he Department of Correction may not alter the judgment of a court, even if that judgment is illegal"); see also Tenn. Atty. Gen. Op. No. 98-126, 1998 WL 423988, at *1 (July 20, 1988) (opining that "[t]he Department of Correction may not alter a judgment entered by a court even if it is illegal. The Department must comply with the order until it is corrected"). According to each of Defendant's four judgment orders, TDOC must certify Defendant as eligible for parole upon his having served 35% of his sentence. See Tenn. Atty. Gen. Op. 98-126, 1998 WL 423988, at *1. However, according to Tennessee Code Annotated section 39-13-523(c), Defendant is not eligible to be considered for parole. TDOC is caught in the middle, between a fundamentally flawed judgment order and a legislative mandate. This result is not acceptable.

In this case, the trial court was without authority to designate Defendant an offender eligible for parole. Defendant's four sentences on his four aggravated rape convictions are therefore illegal and void. However, Defendant was tried in a court of competent jurisdiction and convicted by a jury. His convictions are not infected by the sentencing error; rather,

Defendant's four convictions for aggravated rape remain intact. The only remedy to which Defendant is entitled as a result of his habeas corpus proceeding is the entry of amended judgment orders on each of his four aggravated rape convictions reflecting Defendant's status as a multiple rapist.[13]

## IV. Edwards v. State

The separate concurring opinion misconstrues isolated language in Edwards in an attempt to make out a jurisdictional issue where none exists. Edwards deals with a convicted defendant who was trying to challenge in a habeas corpus proceeding the trial court's finding that he was a persistent offender. The defendant claimed that his offender classification was not supported by the requisite number of prior convictions. Edwards, 269 S.W.3d at 917. That is, the defendant was challenging the sufficiency of the evidence underlying the trial court's offender classification decision. We rejected the defendant's challenge, reiterating that

> [h]abeas corpus may not be used as a substitute for appeal. Rather, habeas corpus relief is limited to remedying jurisdictional defects that are apparent on the face of the judgment or the record of the proceedings on which the judgment is rendered. For purposes of habeas corpus challenges to sentencing, jurisdictional defect means either a sentence that directly contravenes a governing statute or a sentence that was not available under governing statutes. However, habeas corpus relief is not available to remedy non-jurisdictional errors, i.e., factual or legal errors a court makes in the exercise of its jurisdiction.

Id. at 924.

Edwards does not deal with a sentence that fell outside of the trial court's jurisdiction. Nor does it deal with a sentence that "was in excess of that permitted by statute," as asserted in the separate concurring opinion. Edwards was sentenced to a Range III nine-year sentence as a persistent offender on a Class D felony. Id. Tennessee Code Annotated section 40-35-112(c)(4) permits this sentence. While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act. That is because the trial court had the *jurisdiction* to make the error. See Edwards, 269 S.W.3d at 924. ("[The Defendant's] assertions amount to no more than a claim that the trial court erred in exercising the

---

[13] Indeed, in his petition for habeas corpus relief, Defendant acknowledges that his convictions are valid and requests that the judgments be remanded "for correction and entry of valid judgments."

jurisdiction it clearly possessed under the governing sentencing statutes."). Correction of an alleged error in offender classification must be sought on direct appeal. See Tenn. Code Ann. §§ 40-35-106(d), -107(d), -108(d), 40-35-401(a), -402(a) & (b)(4).

If the trial court in Edwards had instead classified the defendant as, for instance, a "de minimus" offender, the defendant's habeas corpus challenge to the legality of his sentence would have succeeded. Under the Sentencing Act, a trial court does not have the authority or the jurisdiction to classify a defendant as a "de minimus" offender. The actual impact of Edwards, then, is limited to its unsurprising holding that an allegedly erroneous offender classification does not create an illegal sentence so long as the offender classification is available under the Sentencing Act. Edwards does not stand for the proposition, as asserted in the separate opinion, that a "sentence in contravention of statute is . . . merely voidable." That is because the sentence in Edwards was not in contravention of any statute.

The language in Edwards cited by the separate concurring opinion – that "offender classification is a non-jurisdictional element of sentencing" – presumes that the offender classification at issue is a statutorily available one because the offender classification at issue in that case *was* statutorily available. The cited language does *not* stand for the proposition that an offender classification can never, under any circumstances, be illegal.[14]

With respect to REDs, we emphasize that they are a function of statute, not trial court findings of fact or conclusions of law. See generally Tenn. Code Ann. § 40-35-501. As set forth above, REDs are typically dependent upon a defendant's offender classification, but can be "mixed and matched" in conjunction with plea agreements, *so long as* the RED is available under the Sentencing Act. If the RED is not available under the Sentencing Act, as in this case, its provision is illegal because no authority exists for its imposition. Edwards does not contradict this principle.

In sum, the release eligibility date designated on the judgment orders in this case was not available under the Sentencing Act. Ergo, the trial court lacked jurisdiction to impose the sentences at issue and habeas corpus relief is available. Edwards is not inconsistent with our holding.

---

[14] We also disagree that our decision in this case precludes a habeas corpus challenge based on erroneous findings of fact. If a trial court sentences the defendant on an erroneous finding of fact that the offense was committed in 1980 whereas the record reveals that the offense was committed in 1990, a habeas corpus challenge to the sentence may succeed. See, e.g., McConnell, 12 S.W.3d at 800 (granting post-conviction relief where trial court sentenced defendant pursuant to 1982 sentencing act for offenses committed in 1989 and therefore subject to the 1989 sentencing act).

**CONCLUSION**

Defendant's four sentences for his four aggravated rape convictions are illegal because, in direct contravention of Tennessee Code Annotated section 39-13-523, each of the judgment orders indicates that Defendant is eligible for early release on parole (by the designation "Multiple 35% Range 2" offender) instead of indicating that he must serve his entire sentence (by the designation "Multiple Rapist"). Defendant's underlying convictions are not tainted by the illegality and therefore remain intact. We grant habeas corpus relief to the extent of remanding this matter to the Circuit Court of Hickman County, Tennessee, for the entry of amended judgment orders reflecting Defendant's status as a "Multiple Rapist." Defendant's judgments are in no other way modified.[15]

The costs of this cause are taxed to the State, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, CHIEF JUSTICE

---

[15] We emphasize that it is not the designation of Defendant's offender classification that is the problem in this case, because "Multiple Range 2" indicates the appropriate sentencing range for Defendant's convictions. See Tenn. Code Ann. § 40-35-105(c) ("If the judgment of conviction does not include a sentence range, it shall be returned to the sentencing court to be completed."). Rather, it is the "35%" RED designation that is the problem in this case, because Defendant is statutorily ineligible for parole. Each of the four judgment orders on Defendant's aggravated rape convictions should be amended to delete the "35%" and to add the designation that Defendant is a "Multiple Rapist."