# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 20, 2014

## STATE OF TENNESSEE v. JONATHAN T. DEAL

**Appeal from the Criminal Court for Polk County**
**Nos. P03-073, P03-075    Carroll L. Ross, Judge**

---

**No. E2013-02623-CCA-R3-CD - Filed June 17, 2014**

---

Jonathan T. Deal ("the Defendant") filed a motion to correct an illegal sentence. The trial court summarily denied the Defendant's motion, and this appeal followed. Upon our thorough review of the record and applicable law, we conclude that the Defendant set forth a colorable claim. Accordingly, we remand this matter to the trial court for further proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Reversed; Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Jonathan T. Deal, pro se, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; R. Steven Bebb, District Attorney General; and M. Drew Robinson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant pleaded guilty in September 2004 to two counts of aggravated assault. The copies of the judgment orders included as exhibits to the Defendant's pleadings indicate that one of the two aggravated assaults was committed on December 15, 2002 ("the first assault"), and the second aggravated assault was committed on May 31, 2003 ("the second assault"). For these crimes, the Defendant was sentenced as a Range I offender to four years for each conviction, with the sentences to run concurrently and to be served on probation.

In September 2013, the Defendant filed, pro se, a motion to correct these allegedly "illegal" sentences pursuant to Tennessee Rule of Criminal Procedure 36.1. The gravamen of the Defendant's motion was that the trial court used the wrong methodology in imposing sentence. The State opposed the Defendant's motion on the basis that he "entered a voluntary guilty plea to an agreed upon sentence" and that his sentences were not illegal. In reply, the Defendant filed, pro se, a motion to amend his original motion, adding as a ground for relief that he committed the second assault while he was on bail from the charge of the first assault. He contended that, therefore, his sentences for these two crimes were statutorily required to be run consecutively.

The trial court denied the Defendant's motion summarily, without appointing counsel to the Defendant and without conducting a hearing. The Defendant timely perfected this appeal.

## Analysis

Effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. *If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.*

. . . .

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added). Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. See, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

To begin, we take this opportunity to emphasize that the Defendant's initial assertions concerning the methodology used by the trial court in imposing sentence did not set forth a colorable claim cognizable under Rule 36.1. Rule 36.1 provides an avenue for pursuing the correction of *illegal* sentences, defined by the Rule as a sentence "not authorized by the applicable statutes" or a sentence "that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). See also Cantrell, 346 S.W.3d at 452-53 (setting forth the definition, and examples, of illegal sentences). Thus, the Rule is directed at the sentence finally imposed, not the methodology by which it is imposed. Therefore, the Defendant's initial motion was subject to summary dismissal.

However, in reply to the State's response to his motion, the Defendant amended his claim for relief by alleging that his two sentences were statutorily required to be served consecutively, and therefore, the order of concurrent service was in direct contravention of an applicable statute. The Defendant asserted that he committed the second assault while he was on bail from the charge alleging the first assault. If the Defendant's assertions are true, Tennessee Code Annotated section 40-20-111(b) required that the sentences for these two offenses be run consecutively. See Tenn. Code Ann. § 40-20-111(b) (2003)[1]; Tenn. R. Crim. P. 32(c)(3)(C). Thus, by amending his motion, the Defendant set forth a colorable claim of an illegal sentence. The State concedes this point in its brief to this Court.[2]

Because the Defendant set forth a colorable claim that his sentences are in direct contravention of a statute because they were ordered to run concurrently instead of consecutively, the trial court erred by dismissing the Defendant's motion summarily. Accordingly, we remand this matter to the trial court for further proceedings pursuant to Rule

[1] This provision provides as follows:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b) (2003).

[2] The State takes no issue with the Defendant raising this basis for his motion in a subsequent pleading. For the sake of judicial efficiency, we agree that the trial court should have considered the Defendant's motion as amended.

36.1. See Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at \*6 (Tenn. Crim. App. Mar. 7, 2014) (remanding for further proceedings colorable claim for relief made under Rule 36.1). The trial court shall appoint counsel to the Defendant if necessary[3] and, unless both parties waive a hearing, conduct a hearing to determine the merits of the Defendant's colorable claim.

## Conclusion

For the reasons set forth above, we remand this matter to the trial court for further proceedings consistent with this opinion.

_____
JEFFREY S. BIVINS, JUDGE

---

[3] The record indicates that the Defendant is indigent. The trial court may require the Defendant to file any additional appropriate paperwork to demonstrate that he continues to be indigent.