IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2015


**STATE OF TENNESSEE v. TRAVIS WARE**

**Appeal from the Criminal Court for Bradley County
No. 95064, 95036, 96256, 96257    Sandra Donaghy, Judge**

_____

**No. E2014-02172-CCA-R3-CD-FILED-AUGUST 5, 2015**

_____

The petitioner, Travis Ware, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, he contends that the trial court erred in dismissing his petition because he received illegal concurrent sentences for crimes that he committed while released on bail. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR., J., joined. NORMA MCGEE OGLE, J. filed a dissenting opinion.

Travis Ware, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Assistant Attorney General, for the Appellee, State of Tennessee.


OPINION


**FACTS AND PROCEDURAL HISTORY**


On July 5, 1995, the petitioner pled guilty in Case No. 95-036 and Case No. 95-064 to two counts of the sale of crack cocaine under 0.5 grams. The offense in Case No. 95-036 was committed on July 26, 1994, and the petitioner received a bond for this

offense on December 16, 1994. While released on bond, the petitioner committed the offense in Case No. 95-064.

The trial court imposed concurrent six-year sentences suspended to probation. His probation was later revoked and reinstated to Community Corrections. While on Community Corrections, the petitioner pled guilty in Case Nos. 96-256 and 96-257 to four counts of delivery of cocaine under 0.5 grams on August 26, 1996. The offenses in Case No. 96-256 were committed on May 17, 1996, and May 21, 1996. The offenses in Case No. 96-257 were committed on June 3, 1996, and June 4, 1996. The trial court imposed an effective nine-year sentence, with the sentences in Case Nos. 96-256 and 96-257 to be served concurrently with each other and the sentences in Case Nos. 95-036 and 95-064. All of the petitioner's sentences expired in 2006.

On August 25, 2014, the petitioner filed a Motion to Correct an Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He challenged only his 1996 sentences, arguing that they were illegal because he was on probation at the time of the offenses and should have received consecutive, instead of concurrent, sentences. The trial court found that the petitioner did not state a colorable claim. The court found that his 1996 sentences were not required to be served consecutively because the petitioner was not on bail at the time he committed the offenses.

Although not raised by the petitioner, the trial court found that the sentence in Case No. 95-064 was illegal because the offense was committed while the petitioner was on bail for the offense in Case No. 95-036. The court found that the sentences therefore should have been imposed consecutively. Because he was no longer imprisoned or restrained of his liberty, "[a]ny illegality in the sentence structure [was] now moot." The court further found that:

> The petitioner received the benefit of the agreement he had with the State of Tennessee. It would be undue hardship on the State of Tennessee to permit withdrawal of a plea and expect the State to locate witnesses 19 years later. It would be an affront to the system and to the concept of finality of judgments to permit withdrawal of a plea after the expiration of the sentence, and unreasonable to contemplate setting aside a plea agreement long after the expiration of the sentence, when an illegality had been permitted to stand for nearly 19 years.

The trial court denied the petition without holding a hearing or appointing counsel, and the petitioner filed a timely notice of appeal. We proceed to consider his claims.

2

# ANALYSIS

On appeal, the petitioner argues that he stated a colorable claim for relief that entitled him to a hearing and the appointment of counsel. He appears to assert that his 1996 convictions were illegal because he was free on bail when he committed the offenses. He also argues that his 1995 sentences should have been imposed consecutively because he was released on bail for Case No. 95-036 when he committed the offense in Case No. 95-064. The State responds that the petitioner failed to state a colorable claim regarding his 1996 convictions because consecutive sentencing is not required for offenses committed on probation. The State concedes that the trial court erred in determining that the petitioner's claim regarding his 1995 convictions was moot and that the case should be remanded.

Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. S. Ct. Rule 17 setting forth the correct sentence.

3

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Rule 36.1 is intended "to provide an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 455-56 (Tenn. 2011)). Further, "[w]hile the State, on appeal, concedes that the petitioner is entitled to counsel and a hearing, we are not bound by such a concession." *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *5 (Tenn. Crim. App. Oct. 29, 2014) (citing *State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003)), *perm. app. granted* (Tenn. May 15, 2015).

The petitioner argues that his sentences are illegal and that he is entitled to withdraw his guilty pleas. The record reflects that the petitioner's sentences expired well before he filed his 36.1 motion. Because the petitioner has completely served his sentence, there is no longer a remedy that this court may provide to correct any illegality in the sentence. Further, while the trial court found that "the files, records, and correspondence relating to the judgments under attack" showed that the petitioner was released on bail for Case No. 95-036 when he committed the offense in Case No. 96-064, these documents are not included in the record. Without any evidence showing that he was on bail at the time he committed the offense in Case No. 96-064, the petitioner is not entitled to any relief. *See State v. Derek Gene Clark*, No. E2014-01142-CCA-R3-CD, 2015 WL 3563490, at *4 (Tenn. Crim. App. June 9, 2015). Accordingly, we conclude that the petition was properly dismissed without appointing counsel or holding a hearing. The petitioner is not entitled to any relief.

4

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE