IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

## STATE OF TENNESSEE v. LIONEL R. LINDSEY

**Appeal from the Criminal Court for Sullivan County**
**No. S46409     R. Jerry Beck, Judge**

---

**No. E2014-02096-CCA-R3-CD – Filed September 29, 2015**

---

The Petitioner, Lionel R. Lindsey, appeals the Sullivan County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Lionel R. Lindsey, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Joseph Eugene Perrin, Deputy District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On March 29, 2004, a Sullivan County jury convicted the Petitioner, Lionel R. Lindsey of two counts of the sale of .5 grams or more of cocaine within 1,000 feet of a school, a Class A felony. The Petitioner was sentenced as a Range II, multiple offender to thirty-two years and six months for each offense, to be served concurrently. On direct appeal, the Petitioner argued, inter alia, that his sentence was excessive because the trial court failed to consider certain mitigating factors. See State v. Lindsey, 208 S.W.3d 432, 445-47 (Tenn. Crim. App. 2006). The Petitioner did not challenge his classification as a Range II, multiple offender. Id. at 445. This court affirmed the Petitioner's convictions and sentences. Id. at 435.

The Petitioner subsequently filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel. See Lionel R. Lindsey v. State, No. E2008-02789-CCA-R3-PC, 2009 WL 5173770 (Tenn. Crim. App. Dec. 30, 2009), perm. app. denied (Tenn. May 20, 2010). This court affirmed the post-conviction court's denial of relief on appeal, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Id.

The Petitioner then sought federal habeas corpus relief, arguing in part that he was improperly sentenced as a Range II, multiple offender based on a prior conviction that was later invalidated. See Lindsey v. Parker, No. 2:10-CV-193, 2013 WL 3834005, at *3 (E.D. Tenn. July 23, 2013). In a memorandum opinion denying relief, the district court found that the Petitioner's claim of an illegal sentence was not a cognizable ground for federal habeas review. Id.

On June 4, 2014, the Petitioner filed a "Motion/Memorandum to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Petitioner alleged that he was entitled to relief because his sentence was enhanced in violation of his right to a jury trial.[1] The Petitioner further argued that the State failed to provide a notice to seek enhanced punishment. Finally, he asserted that he should have been sentenced as a Range I offender because he did not have the requisite number of prior felony convictions to be sentenced as a Range II, multiple offender.

In response, the State filed a motion to dismiss, arguing that none of the Petitioner's arguments presented a colorable claim for relief. The State noted that the Petitioner waived all procedural challenges to his sentences by failing to raise these issues on direct appeal. It further argued that the imposed sentences were legal and complied with sentencing statutes.

On October 1, 2014, the trial court granted the State's motion to dismiss in a written order adopting the State's legal reasoning. Accordingly, the court summarily dismissed the Petitioner's Rule 36.1 motion. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing

---

[1] Specifically, the Petitioner claimed that his sentence "violate[d] the standard according to U.S. Supreme Court decisions under; Apprendi v New Jersey, 120 S. Ct. 2358 (2000), Blakely v Washington, 124 S. Ct. 2531 (2004), and State v Gomez II, 239 S. W. 3d. 733 (2007) combined[.]"

his motion to correct an illegal sentence. He maintains that his effective sentence of thirty-two years and six months is excessive and illegal. In his brief, the Petitioner repeats the assertions from his Rule 36.1 motion that: his sentence was improperly enhanced in violation of his right to jury trial; the State failed to file a notice to seek enhanced punishment; and he was improperly classified as a Range II, multiple offender. The State responds that the trial court properly dismissed the motion because the Petitioner failed to present a colorable claim of an illegal sentence. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Considering all of the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. To begin with, Rule 36.1 provides "an avenue for correcting allegedly illegal sentences. The Rule does not provide an avenue for seeking the reversal of convictions." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (citing Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011)), perm. app. denied, (Tenn. Nov. 19, 2014). The Petitioner's challenge to his right to trial by jury, even if taken as true, would affect his convictions, not his sentences. Accordingly, the Petitioner is not entitled to relief on this basis.

The gravamen of the Petitioner's claims of sentence illegality is that the State erroneously relied on a prior conviction in Ohio that was dismissed to enhance his offender status. However, it is well-established that an alleged error in offender classification should be raised on direct appeal. See Cantrell, 346 S.W.3d at 449-53 (distinguishing between "appealable errors" and "fatal errors" in sentencing and noting that "if a defendant is aggrieved by the trial court's determination that he is a multiple offender, he may raise this issue on direct appeal."); see also State v. Jonathan T. Deal,

No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014) (explaining that Rule 36.1 provides a means for correcting an illegal sentence as finally imposed, not the methodology by which the sentence is imposed); State v. Robert B. Ledford, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015), perm. app. denied (Tenn. June 12, 2015) (stating that "an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute."). Accordingly, the Petitioner's claims, even if true, are not within the purview of Tennessee Rule of Criminal Procedure Rule 36.1.

We further note that the Petitioner's assertions are not supported by the record. In its motion to dismiss, the State attached its timely filed notices of intent. Moreover, the case which the State relied upon to enhance punishment—Case No. 99-CR-157 from Jefferson County, Ohio—was not the subject of acquittal or dismissal. Rather, the Petitioner pled guilty to aggravated drug trafficking. See also Lindsey, 208 S.W.3d at 445-46 (summarizing the evidence of prior felony convictions and other criminal history presented at the Petitioner's sentencing hearing).

Here, the Petitioner was convicted of two counts of the sale of .5 grams or more of cocaine within 1,000 feet of a school, a Class A felony. See T.C.A. §§ 39-17-417, -432 (2001). As a Range II, multiple offender, he was subject to a sentence ranging between twenty-five and forty years. See id. § 40-35-112(b)(1) (2001). The trial court imposed a mid-range sentence of thirty-two years and six months for each conviction, to be served concurrently. See id. § 40-35-210(c) (2001) ("The presumptive sentence for a Class A felony shall be the midpoint of the range if there are no enhancement or mitigating factors."). Therefore, the Petitioner received authorized sentences. Because the Petitioner has failed to state a colorable claim for relief pursuant to Rule 36.1, we affirm the summary dismissal of his motion to correct an illegal sentence.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE