# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 03, 2013

## STEVEN ANDERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 9306430, 9306431, 9306432     James M. Lammey, Judge**

_____

**No. W2013-00975-CCA-R3-HC  -  Filed March 31, 2014**

_____

Petitioner, Steven Anderson, filed what he designated was his fourth petition for habeas corpus relief attacking his 1994 convictions for aggravated robbery, especially aggravated robbery, and second degree murder. The convictions were the result of guilty pleas pursuant to a negotiated plea agreement resulting in an effective sentence of 50 years' incarceration. The State filed a motion for summary dismissal because the claims had been brought three previous times, and no colorable claim was alleged. The habeas corpus trial court granted the motion and dismissed the petition for habeas corpus, and also a petition for writ of error coram nobis. The coram nobis petition is not in the appellate record. Petitioner appeals, and after a thorough review, we affirm pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and JEFFREY S. BIVINS, JJ., joined.

Steven Anderson, Whiteville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Our supreme court has stated, concerning the right to habeas corpus relief,

Although the Tennessee Constitution guarantees the *right* to seek habeas corpus relief, *see* Tenn. Const. art. I, § 15, the *procedure* for seeking state habeas corpus relief is regulated by statute. *See* Tenn. Code Ann. §§ 29-21-101 through -130 (2000 and Supp. 2010). "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102 [dealing with federal prisoners], may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." *Id.* § 29-21-101 (2000). Although this statutory language is broad, this Court has long recognized "the limited nature of the relief available pursuant to the writ of habeas corpus." *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993) (citing *State ex rel. Karr v. Taxing Dist. of Shelby Cnty.*, 84 Tenn. (16 Lea) 240, 249-50 (1886)). To wit, "'[w]hen the restraint, from which relief is sought by a writ of *habeas corpus,* proceeds from a judgment erroneous but not void, the writ will not lie.'" *Archer*, 851 S.W.2d at 161 (quoting *Karr*, 84 Tenn. at 249). Thus, the key issue becomes whether the challenged judgment is "void." And, as we explained many years ago,

> [a] void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given.

*Lynch*, 166 S.W.2d at 398 (quoting *New York Cas. Co. v. Lawson*, 160 Tenn. 329, 336, 24 S.W.2d 881 (1930)). Stated slightly differently,

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer*, 851 S.W.2d at 164.

*Cantrell v. Easterling*, 346 S.W.3d 445, 453-54 (Tenn. 2011).

The petition for post-conviction relief raised six general allegations for habeas corpus relief: (1) Even though Petitioner was given almost 400 days of pre-trial jail credit in the judgments, the trial court erred by omitting thirteen days' credit spent in juvenile detention; (2) Petitioner was denied his constitutional right to counsel in his acceptance hearing in Criminal Court from the Juvenile Court transfer order; (3) The convicting court was without jurisdiction to find him guilty of second degree murder as a lesser included offense of the charge of felony murder pursuant to a negotiated plea agreement; (4) Although the indictments for especially aggravated robbery and aggravated robbery allege that the offenses were committed violently, since the indictments failed to allege the alternative statutory means of placing the victim in fear, the indictments were void; (5) the indictments were void because they did not include the signature of "the clerk of court;" and (6) The process issued in the Juvenile Court did not "run in the name of the State of Tennessee" and did not "bear test" and be signed by the court clerks, resulting in the entire process against him being void on its face.

We have carefully reviewed the habeas corpus petition's allegations and conclude that the issues have been previously determined adversely to Petitioner in prior proceedings, the allegations, if true, would not result in a void judgment, or the allegations, if true, would render the judgments merely voidable and not void. *See Steven L. Anderson v. Glen Turner, Warden*, No. W2004-00622-CCA-R3-HC, 2005 WL 396378 (Tenn. Crim. App. Feb. 18, 2005) *app. denied* (Tenn. May 23, 2005); *Steven Lamont Anderson v. State*, No. W2006-00866-CCA-R3-HC, 2009 WL 536993 (Tenn. Crim. App. Mar. 2, 2009).

In conclusion we hold that Petitioner is entitled to no relief in this appeal. The judgment of the habeas corpus trial court is affirmed in accordance with the provisions of Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE