# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2014

## TRAVIS DAVISON v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 07-06894     John W. Campbell, Judge

### No. W2013-02048-CCA-R3-CO - Filed August 27, 2014

The petitioner, Travis Davison, appeals the trial court's summary dismissal of his motion to correct an illegal sentence, asserting that his sentence was illegal in that he received a shorter term than that mandated by statute. The State agrees that the petitioner has made a colorable claim that his sentence is illegal and that the matter should be remanded. After review, we remand the case for the appointment of counsel and an evidentiary hearing pursuant to Tennessee Rule of Criminal Procedure 36.1.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Travis Davison, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Chris West, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The record shows that in 2007, the petitioner was indicted for one count of possession of marijuana with intent to sell and one count of possession of marijuana with intent to deliver, Class E felonies. See State v. Travis Davison, No. W2011-02167-CCA-R3-CO, 2012 WL 3114572, at *1 (Tenn. Crim. App. July 31, 2012). On January 4, 2008, the petitioner pled guilty to possession of marijuana with intent to sell, a Class E felony. The plea agreement and judgment reflected that the petitioner would be sentenced to eighty-five

days as a time-served settlement, although the petitioner claims that he pled guilty in exchange for a ninety-day term of imprisonment with five days of sentence credit.

On August 22, 2011, the petitioner filed a "motion for correction of clerical error, or clarification of judgment pursuant to Rule 36 Tennessee Rules of Criminal Procedure." In his motion, the petitioner argued that because he received a sentence of less than one year, "the offense was reduced to a misdemeanor offense" from a Class E felony and that the judgment should be altered to reflect that he was convicted of a misdemeanor. The trial court denied his motion, and the petitioner appealed. This court dismissed the petitioner's appeal on July 31, 2012, determining that there was no appeal as of right from the denial of a Rule 36 motion to correct a judgment.

Sometime after July 31, 2013 and before August 8, 2013,[1] the petitioner filed a motion for correction of illegal judgment or clarification of judgment pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. On August 8, 2013, the trial court entered an order denying the motion, finding that the petitioner's case "was not reduced to a misdemeanor but instead he clearly entered a guilty plea to a felony." This timely appeal followed.

## ANALYSIS

The petitioner argues that his sentence for Class E felony possession of marijuana with intent to sell is illegal. He asserts that, because Tennessee Code Annotated section 40-35-105 mandates a sentence of not less than one year, the trial court did not have authority to impose the sentence he received. The State agrees that the petitioner has presented a colorable claim of an illegal sentence and that the case should be remanded for an evidentiary hearing.

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. *For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.*

(b) Notice of any motion filed pursuant to this rule shall be promptly

---

[1]There is no file-stamped copy of the petitioner's motion in the record, but the certificate of service states that he mailed the motion on July 31, 2013, and the trial court denied his motion on August 8, 2013.

provided to the adverse party. *If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.* The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added). Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. See, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

In this case, the petitioner pled guilty to possession of marijuana with intent to sell, a Class E felony. The judgment reflects that he was sentenced as a Range I offender to eighty-five days as a time-served settlement. Tennessee Code Annotated section 40-35-112(a)(5) mandates a sentence of not less than one year and no more than two years for a Range I, Class E felony. Because the petitioner was sentenced to only eighty-five days, his sentence fails to comply with the statute and he has, therefore, made a colorable claim that his sentence is illegal.

Accordingly, we remand this matter to the trial court for further proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court shall appoint counsel to the petitioner if necessary and, unless both parties waive a hearing, conduct a hearing to determine the merits of the petitioner's colorable claim.

## CONCLUSION

Based on the foregoing authorities and reasoning, we remand this matter to the trial court for further proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1.

_____
ALAN E. GLENN, JUDGE