IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 16, 2014

## SECDRICK L. BOOKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 97-B-1274     Steve Dozier, Judge**

---

**No. M2014-00846-CCA-R3-CD-Filed December 18, 2014**

---

The Petitioner, Secdrick L. Booker, appeals the Davidson County Criminal Court's dismissal of his motion to correct an illegal sentence.  The Petitioner contends that his convictions are void because he was sentenced in direct violation of Tennessee statutory law.  Upon a review of the record in this case, we are persuaded that the trial court properly denied the motion. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Secdrick L. Booker, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Glenn Funk, District Attorney General; Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts and Procedural History**

In 1997, a Davidson County grand jury indicted the Petitioner for criminal attempt to commit especially aggravated robbery, first degree felony murder, and first degree premeditated murder.  On February 5, 1999, the Petitioner pleaded guilty to second degree murder.  The trial court imposed the agreed out-of-range sentence of thirty years.

On January 10, 2014, the Petitioner filed, *pro se*, a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The Petitioner asserted that his sentence was illegal because a presentence report was not prepared and sent to the Department of Correction as required by Tennessee Code Annotated section 40-35-203(b) and section 40-35-209(d)(1). On April 31, 2014, the trial court entered an order summarily dismissing the Petitioner's motion. The order stated as follows:

> The Petitioner, Secdrick Booker, filed a *pro se* "Motion to Correct an Illegal Sentence." The [P]etitioner was indicted on June 20, 1997, on one count of Attempted Especially Aggravated Robbery, one [count] of Felony Murder and one count of First Degree Murder. On February 5, 1999, the [P]etitioner entered a guilty plea to one count of Second Degree Murder. The plea agreement and the judgment indicate the Petitioner agreed to enter a guilty plea to the amended charge of Second Degree Murder and waived the range of punishment, agreeing to a sentence of thirty years at 100%. He now petitions alleging the sentence is illegal because a sentencing report was never submitted to the Department of Correction, in violation of T.C.A. § 40-35-209(d)(1).

> The [Petitioner] agreed to the plea and the sentence received. The Court accepted the plea agreement and did not participate otherwise in the determination of the Petitioner's sentence. "Where the sentence is agreed upon by the district attorney general and the defendant and accepted by the court, the court may immediately impose sentence as provided in § 40-35-205(d) and no specific sentencing hearing or presentence reports shall be required." T.C.A. § 40-35-203(b).

> The Court finds no basis to support the Petitioner's allegations that the sentence is illegal or that the sentence should be modified. The petition is dismissed.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner maintains that his sentence is illegal and asserts that the trial court improperly treated his motion to correct an illegal sentence as a petition for writ of habeas corpus. The Petitioner also contends that, because this "defect" arose after the entry of his guilty plea, the trial court was without jurisdiction to dismiss his motion. The State

responds that the trial court appropriately addressed the purported illegality of the sentence and properly dismissed the motion. We agree with the State.

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a *colorable claim* that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

. . . .

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added). Prior to the adoption of this Rule, petitioners generally sought relief from illegal sentences through habeas corpus or post-conviction proceedings. *See, e.g., Cantrell v. Easterling*, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014), *no Tenn. R. App. P. 11 filed*; *State v. Mark Edward Greene*, No.

3

M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., at Nashville, July 16, 2014), *no Tenn. R. App. P. 11 filed*.

It is clear from the judgment document that the Petitioner's sentence was imposed within the appropriate statutory range and was authorized by the applicable statutory scheme. The section of the Sentencing Act upon which the Petitioner relies in his assertion that his sentence is illegal states:

> If the district attorney general and defendant agree on a specific sentence as to the offense classification, length or manner of service of sentence and the court accepts the sentence agreement as the appropriate disposition in the case, no presentence report or hearing shall be required unless so ordered by the court. No defendant sentenced to the custody of the department of correction shall be committed or conveyed to the department unaccompanied by the completed presentence report or investigation and report required by § 40-35-209(d)(1).

T.C.A. § 40-35-205(d). The Petitioner asserts that the failure to transmit a report to the Department of Correction was in direct contravention of this statute, thereby creating an illegal sentence. The Petitioner's claim, however, even if taken as true, does not show that he would be entitled to sentencing relief.

The Petitioner entered a negotiated guilty plea for a specific sentence. According to section 40-35-205(d), a presentence report is not required under such circumstances. As this Court has noted before, the purpose of a presentence report is to assist the trial court in making sentencing decisions. *State v. Danny Ray Hensley*, No. E2011-02325-CCA-R3-CD, 2012 WL 5351217, at *3 (Tenn. Crim. App., at Knoxville, Oct. 31, 2012), *no Tenn. R. App. P. 11 application filed.*; *State v. Nathanael Little*, W2011-02199-CCA-R3-CD, 2013 WL 2327094 at *11 (Tenn. Crim. App., at Jackson, May 28, 2013), *no Tenn. R. App. P. 11 application filed.* In cases where there is a negotiated plea agreement involving an agreed upon sentence, a presentence report sent to the Department Correction after sentencing would in no way assist the trial court in sentencing, thus the legislature excepted this category from the requirement of a presentence report.

Further, the omission of the completed presentence report to the Department of Correction would be classified as a clerical error rather than an error "so profound as to render the sentence illegal and void." *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011). Therefore, the trial court's summary dismissal of the motion was proper.

Next, the Petitioner argues that the trial court erred because it treated his motion as a petition for habeas corpus. In support of this contention, he points to the style of the trial court's order wherein the words "Habeas Corpus" are found in parenthesis above the body of the order. The body of the order, however, addresses the motion pursuant to the requirements of Rule 36.1. There are some differences between the requirements of Rule 36.1 and habeas corpus law, however, none were implicated in this case. The only indication of the former habeas law is the "(Habeas Corpus)" found on the order. The trial court's analysis and determination are consistent with the requirements of Rule 36.1. Therefore, there is no error.

As to the Petitioner's attack on the trial court's jurisdiction and the validity of his plea, we agree with the State that this issue was not previously raised, thereby risking waiver. Furthermore, Rule 36.1 contemplates correction of illegal sentences. In this issue, the Petitioner is attacking the validity of the plea. *See State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App., at Knoxville, March 31, 2014), *no Tenn. R. App. P. 11 application filed* ("The Rule does not provide an avenue for seeking reversal of convictions."). Thus, this issue is not properly before this Court.

Accordingly, we conclude that the trial court properly found that the Petitioner's motion did not state a colorable claim pursuant to Tennessee Rule of Criminal Procedure 36.1, and, therefore, summary dismissal was appropriate. The Petitioner is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner failed to state a colorable claim that his sentence is illegal. As such, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

5