IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 9, 2014

**STATE OF TENNESSEE v. JOHN TALLEY**

**Appeal from the Criminal Court for Hamilton County
Nos. 159257, 159258, 164952, 164953, 164955     Barry A. Steelman, Judge**

No. E2014-01313-CCA-R3-CD **- Filed December 26, 2014**

Appellant, John Talley, appeals the trial court's summary denial of his motion to correct illegal sentences, imposed over twenty-eight years ago, filed pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court found it lacked jurisdiction because the sentences have already expired and because the trial court could not determine that the "sentence[s] are illegal." We determine, because of the broadness of Rule 36.1, the trial court had jurisdiction to consider the motion and that Appellant stated a colorable claim, as currently defined. Accordingly, the judgment of the Criminal Court is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court. THOMAS T. WOODALL, P.J., with whom ALAN E. GLENN, J., joins, filed a separate opinion concurring in results only.

John Talley, pro se, Memphis, Tennessee, appellant.

Herbert H. Slatery, III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; and, Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

In December of 1984, Appellant was indicted by a Hamilton County grand jury in case numbers 159257 and 159258 for two counts of felony selling and/or delivering cocaine. On January 29, 1985, Appellant pled guilty to two counts of the sale of cocaine. He was sentenced to a four-year term of imprisonment for each conviction. Appellant was paroled on April 30, 1985.

In June of 1986, Appellant was indicted by the Hamilton County grand jury in case numbers 164952, 164593, and 164595 to three counts of the sale or delivery of cocaine. On October 13, 1986, Appellant pled guilty to three counts of feloniously selling cocaine in exchange for a six-year sentence on each count, to be served concurrently with each other and with prior sentences in case numbers 159257 and 159258.

On April 14, 2014, Appellant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 (the Rule) to correct the illegal sentences in cases 159257, 159258, 164952, 164953, and 164595. Appellant alleged that because the offenses in case numbers 164952, 164953, and 164955 occurred while he was on parole for the offenses in case numbers 159257 and 159258, the trial court did not have the authority to order the sentences to run concurrently. Appellant alleged that the sentences were in direct contravention of Tennessee Code Annotated section 40-28-123 and Tennessee Rule of Criminal Procedure 32(c)(3)(A).[1] Appellant also alleged that the illegality of the sentences was a material component of the plea agreement, thereby rendering the guilty pleas involuntary or unintelligently entered. Appellant asked the trial court to appoint counsel, hold a hearing, and give him the opportunity to withdraw the guilty pleas. He attached no documentation to support his claims, which notably is not required by the Rule.

The trial court summarily dismissed the motion without a hearing and without appointment of counsel. Specifically, the trial court determined that Appellant did not allege any illegality in the sentences in case numbers 159257 and 159258. Therefore, the trial court determined that Appellant did not state a colorable claim for relief pursuant to the Rule in cases 159257 and 159258 and, consequently, Appellant is not entitled to relief from those

---

[1] Tennessee Rule of Criminal Procedure 32(c)(3)(A) provides as follows:

Mandatory Consecutive Sentences. When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

(A) to a sentence for a felony committed while on parole for a felony; . . . .

sentences.

Additionally, the trial court acknowledged the alleged illegality in case numbers 164952, 164953, and 164955—that concurrent sentences were agreed to and imposed when consecutive sentences were mandatory. However, the trial court noted that the record did not corroborate Appellant's claims because there was no proof in the record that the sentences were to be served concurrently rather than consecutively and that, in any event, the sentences in cases 164952, 164953, and 164955 have expired. The trial court found:

> [W]hile the [c]ourt could find that, without a provision for consecutive sentences, the sentences *were* illegal under Tenn. R. Crim. P. 32(c)(3)(A), it could not find that the sentence[s] *are* illegal, as Rule 36.1 requires.

(Emphasis in original).

Appellant filed a timely notice of appeal, challenging the summary dismissal of the petition.

*Analysis*

Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence. In pertinent part, it provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute. . . .

Tenn. R. Crim. P. 36.1. This Rule became effective on July 1, 2013. A sentence is not illegal when it is "statutorily available but ordinarily inapplicable to a given defendant"; rather, an illegal sentence is one that is "simply unavailable under the Sentencing Act." *Cantrell v. Easterling*, 346 S.W.3d 445, 454 (Tenn. 2011). The Rule also reflects longstanding caselaw that a conviction and sentence are ordinarily distinct and severable components of the judgment under attack. *See id.* However, under the Rule, if an illegal sentence was entered into pursuant to a plea bargain, the defendant may be entitled to withdraw his plea if the illegal portion of the sentence was a material condition of the agreement. Tenn. R. Crim. P. 36.1(c)(3).

Unlike the habeas corpus statute, the Rule has no mechanism for dismissing claims

to correct an illegal sentence after the sentence has expired. *Compare* T.C.A. § 29-21-109, *with* Tenn. R. Crim. P. 36.1(a). Instead, the Rule provides that a petition may seek relief from an illegal sentence "at any time." Tenn. R. Crim. P. 36.1(a). Thus, the Rule is far more lenient than a habeas corpus petition in that it only requires a claimant to state a colorable claim and does not require proof on the face of the record from supporting documents. [2] *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) (noting that the Rule contains no provision for summary dismissal, even if the record establishes that the claim cannot be supported); *see State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (concluding that appellant's pretrial incarceration did not arise out of the offenses and that he therefore presented no colorable claim). Since the Rule does not provide a definition of "colorable claim", this Court has applied the definition of "colorable claim" from the Tennessee Post Conviction Procedures to the Rule.[3] *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug.13, 2014). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." Tenn. Sup. Ct. R. 28 § 2(H); *see also Mark Edward Greene*, 2014 WL 3530960, at * 4. Once the appellant states a colorable claim, the trial court must appoint counsel and hold a hearing unless the parties waive these requirements. *Id.*

Appellant asserts on appeal that his guilty pleas were coerced, involuntary, or otherwise invalid and he also insists that his sentences were contrary to statute and void because he was sentenced to concurrent rather than consecutive sentences. This Court has determined in other cases that a motion alleging similar facts stated a "colorable claim" and remanded those cases to the trial court for hearing, usually with a concession from the State.[4] *See State v. Donald Terrell*, No. W2014-00340-CCA-R3-CD, 2014 WL 6883706 (Tenn. Crim. App. Dec. 8, 2014); *State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240 (Tenn. Crim. App. Oct. 22, 2014); *Cumecus R. Cates v. State*, No. E2014-00011-CCA-R3-CD, 2014 WL 4104556 (Tenn. Crim. App. Aug. 20, 2014); *David Morrow*, 2014 WL 3954071; *State v. Jonathan T. Deal*, No. E2013-02623-CCA- R3-CD,

---

[2] Writs of habeas corpus petitions are subject to mandatory procedural requirements which are scrupulously applied. However such requirements are not mandatory for filings made pursuant to the Rule which may be sought "at any time."

[3] *See* Tenn. Sup. Ct. R. 28, §2(H).

[4] In the trial court, the technical record does not indicate that the State opposed the motion. Even though the State concedes on appeal that Appellant is entitled to counsel and to a hearing, we are not bound by such a concession. *See State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003).

2014 WL 2802910 (Tenn. Crim. App. June 17, 2014); *David Frazier v. State*, No. E2013-02563-CCA-R3-CD, 2014 WL 2743243 (Tenn. Crim. App. June 16, 2014); and *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450 (Tenn. Crim. App. Mar. 7, 2014).

In the case herein, taking all of Appellant's assertions as true and viewing them in the light most favorable to him, we have determined that Appellant has presented a colorable claim for relief from an illegal sentence because he asserts that his sentences were contrary to statute in that he was sentenced to concurrent rather than consecutive sentences as statutorily required. *See* T.C.A. § 40-28-123; Tenn. R. Crim. P. 32(c)(3)(A). Even though almost thirty years have passed since Appellant was sentenced, there is no proof in the record that his sentences have expired and Appellant is not required to provide such proof in his filing. *See Donald Terrell*, 2014 WL 6883706, at *4. Appellant was merely required to present a colorable claim. We believe he has done so in this case. Accordingly, the plain language of the Rule only requires the trial court to determine indigency and, *if necessary* (emphasis added), appoint counsel for the Appellant. Tenn. R. Crim. P. 36.1(b). Further, the trial court must conduct a hearing on the motion unless all parties waive the hearing. *Id.* On remand, if the trial court conducts a hearing on the motion and the proof establishes that Appellant's allegedly illegal sentences have been fully served, whether it be a six-year or ten-year term, the controversy is moot. *See, e.g.*, *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014) ("Because the appellant's allegedly illegally lengthy sentences have been fully served, we conclude that there is no longer any remedy he can seek from the court to correct any illegality in his sentences, and his controversy is moot.").[5]

*Conclusion*

For the foregoing reasons, the judgment of the trial court is remanded for further proceedings consistent with this opinion.

_____
TIMOTHY L. EASTER, JUDGE

---

[5]The query of a "colorable claim" maybe satisfied by simply entering copies of the judgements under attack into the record, which may make appointment of counsel unnecessary.