# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 18, 2014

## STATE OF TENNESSEE v. JAMES D. WOODEN

**Appeal from the Criminal Court for Bradley County**
**Nos. 96297, 97133     Carroll L. Ross, Judge**

_____

### No. E2014-01069-CCA-R3-CD - Filed December 26, 2014
_____


Appellant, James D. Wooden, appeals the trial court's summary denial of his motion to correct an illegal sentence, as permitted by Tennessee Rule of Criminal Procedure 36.1, for lack of jurisdiction because the sentences have already expired. Although the trial court had jurisdiction to consider the motion, we determine Appellant has failed to state a colorable claim entitling him to relief and, therefore, affirm the denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

James D. Wooden, pro se, Memphis, Tennessee, appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Senior Counsel; Steven Bebb, District Attorney General; and Carl Petty, Assistant District Attorney, for the appellee, State of Tennessee.


## OPINION

### Procedural Background

On August 12, 1996, Appellant pled guilty to aggravated burglary, a class C felony, and theft of property valued over $1000, a Class D felony. He was sentenced as a standard offender for both convictions. He received a three-year sentence for the aggravated burglary and a two-year sentence for the theft, both to be served on probation after thirty days in the

custody of the Tennessee Department of Correction. These sentences were to be served concurrently. Appellant was represented by the Public Defender's Office.

On September 23, 1997, Appellant was convicted by a jury of facilitation of armed robbery, a Class C felony, while on probation for the first two offenses. He was sentenced to five years in prison as a standard offender. This sentence was to be served concurrently with the reinstated sentences from the first two offenses, after the revocation of his probation.

On May 1, 2014, Appellant filed a motion to correct an illegal sentence with the trial court under Rule 36.1 of the Tennessee Rules of Criminal Procedure. The trial court entered an order on May 14, 2014, summarily dismissing Appellant's motion because it did not have jurisdiction over motions in expired cases. Appellant filed a timely notice of appeal on May 30, 2014.

*Analysis*

Appellant argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence for want of jurisdiction. Appellant also argues that his motion stated a colorable claim for relief because: (1) his aggravated burglary and facilitation sentences were improperly raised above the presumptive minimum sentence without enhancement factors, as required by Tennessee Code Annotated section 40-35-210(c); and (2) all of his sentences were improperly run concurrently rather than consecutively, under Tennessee Code Annotated section 40-35-115(b)(6). The State did not respond to the jurisdictional issue but argues that Appellant's claims are not colorable. We agree with the State.

Rule 36.1 of the Tennessee Rules of Criminal Procedure became effective on July 1, 2013. It provides a mechanism for the correction of a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). This Court recently reversed a summary dismissal of a Rule 36.1 motion because the sentence at issue was expired. *State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014). Because the plain text of the rule authorizes relief "at any time," this Court held that, "even though [the] original sentence ha[s] expired, [the] appellant may still seek correction of that sentence if he states a colorable claim." *Id.*

However, another recent case from this Court held that the mootness doctrine may render a claim based on an expired sentence non-justiciable, notwithstanding the permissive scope of Rule 36.1. *See State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014) ("Because the appellant's allegedly illegally

lengthy sentences have been fully served, we conclude that there is no longer any remedy he can seek from the court to correct any illegality in his sentences, and his controversy is moot."). As explained in that case:

> Mootness is a doctrine regarding the justiciability of a controversy. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). A case is justiciable when it involves "a genuine and existing controversy requiring the present adjudication of present rights." *Id.* "A moot case is one that has lost its character as a present, live controversy. The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *Id.* (citations omitted). When the case may no longer provide relief to the prevailing party, it is considered moot. *Id.*

*Id.* This Court acknowledged that failure to award mandatory pre-trial jail credit constitutes an illegal sentence, but determined that the alleged failure to do so was moot because the sentence had expired and there was no remedy available. *Id.* at *4, *6.

Reading these cases together, we conclude that a trial court presented with a claim under Rule 36.1 based on an expired sentence does not lose jurisdiction to consider the claim based solely on the expiration of that sentence, but has the authority to deny the claim as moot when appropriate.[1]

As we have done on several occasions since the adoption of Rule 36.1, rather than remanding this case to the trial court for a determination on the merits, we choose to evaluate Appellant's claims for the sake of judicial efficiency. *See, e.g.*, *State v. John Robert Quinton Jackson*, No. M2013-02172-CCA-R3-CD, 2014 WL 5242615, at *3 (Tenn. Crim. App. Oct. 15, 2014) (finding that "the trial court did have jurisdiction to hear the claim" but disposing of the claim on the merits by applying the law of the case doctrine); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (construing a Rule 36 motion to correct a clerical error that was dismissed by the trial court for lack of jurisdiction as a Rule 36.1 motion to correct an illegal sentence and finding no colorable claim); *cf. Omar Robinson*, 2014 WL 5393240*,* at *2-3 (remanding because the appellant stated a colorable claim).

Because Rule 36.1 does not provide a definition for a "colorable claim," this Court has adopted the definition available for post-conviction proceedings: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle

---

[1]We do not read *Adrian R. Brown* to adopt a per se rule of mootness for expired sentences.

[appellant] to relief. . . ." *Mark Edward Greene*, 2014 WL 3530960, at *3 (quoting Tenn. Sup. Ct. R. 28 § 2(H)) (alteration in original).

We find Appellant's assertion that two of his sentences were illegally set above the presumptive minimum without evidence of enhancing factors to be an inadequate basis for relief. As the State correctly notes, Appellant, in fact, received minimum sentences for both the burglary and theft convictions in his first case. *See* T.C.A. § 40-35-112 (1997). The five-year sentence for the facilitation of armed robbery conviction, although not a minimum sentence, was within the applicable legal range for that offense. *See id.* Therefore, even assuming that Appellant was sentenced above the presumptive minimum without the trial court's findings of applicable enhancing factors,[2] his claim is not colorable under Rule 36.1. Any error by the trial court would have resulted in an a voidable judgment rather than an illegal sentence. *See Adrian R. Brown*, 2014 WL 5483011, at *6 n.6 (noting that the assertion that the trial court failed to put enhancement factors on the record "would at most render [the appellant's] convictions voidable, and not void, and thus are not within the ambit of Rule 36.1"). The thrust of Appellant's claim is that the trial court made a legal error by its failure to make factual findings as to the enhancing factors supporting the sentencing determination. As such, Appellant's claim is one in the nature of an appealable error, which should have been raised on direct appeal, rather than an error resulting in an illegal sentence, which may be raised collaterally. *See Cantrell v. Easterling*, 346 S.W.3d 445, 449-53 (Tenn. 2011) (distinguishing between clerical errors, appealable errors, and fatal errors in sentencing). "[S]entences containing alleged errors dependent upon a review of the trial court's findings of fact should be challenged on direct appeal . . . ." *Id.* at 455. Moreover, "[a] sentence is not illegal when it is 'statutorily available but ordinarily inapplicable to a given defendant'; rather, an illegal sentence is one that is 'simply unavailable under the Sentencing Act.'" *Adrian R. Brown*, 2014 WL 5483011, at *3 (quoting *Cantrell*, 346 S.W.3d at 454).[3]

---

[2]We note that much has changed in the legal landscape of sentencing since Appellant's sentencing in 1997. In *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012), our supreme court expressly rejected the language in the Sentencing Commission's Comment to Tennessee Code Annotated section 40-35-210 that required imposition of the minimum sentence within the applicable range in the absence of enhancing factors. *See also State v. Caudle*, 388 S.W.3d 273, 278 (Tenn. 2012). However, Appellant correctly states the applicable law at the time of his sentencing.

[3]Appellant's claim does not fit into any of the "four non-exclusive categories of illegal sentences" previously identified by our supreme court:

> (1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

-4-

Here, Appellant seeks relief from the alleged lack of findings of fact made by the trial court. This is not the proper time or manner for that claim. Therefore, Appellant has failed to state a colorable claim for relief under Rule 36.1 because he has not alleged an illegal sentence from which he may be entitled to relief. The sentence he received was a sentence statutorily available to him.

We also find no merit in Appellant's argument that his sentences were run concurrently in contravention of the applicable statute. Tennessee Code Annotated section 40-35-115(b)(6) provides that a court "*may* order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." This language is permissive and not mandatory. *See also State v. Dorantes*, 331 S.W.3d 370, 392 (Tenn. 2011) (citing T.C.A. § 40-35-115(b)) ("Whether sentences are to be served concurrently or consecutively is primarily within the discretion of the trial court."). Appellant does not cite to any other authority that required his sentences to run consecutively.

Because we find that Appellant has not raised any issues that, if taken as true, would entitle him to relief, we find that Appellant has failed to state a colorable claim for relief. Accordingly, he is not entitled to appointed counsel or a hearing. Tenn. R. Crim. P. 36.1(b). Because we find that Appellant has failed to state a colorable claim, we need not determine whether the expiration of his sentences has rendered his claim moot.

*Conclusion*

Although the trial court had jurisdiction to consider Appellant's motion for correction of an illegal sentence, the trial court did not err in denying the motion because Appellant has not stated a colorable claim for relief in his motion. We affirm the trial court's denial of the motion.

_____
TIMOTHY L. EASTER, JUDGE

---

*Cantrell*, 346 S.W.3d at 452, 455 (quoting *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010)) (emphasis omitted).