IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2014 at Knoxville

## STATE OF TENNESSEE v. SANCHEZ LEWAN BRADFORD

**Appeal from the Criminal Court for Davidson County**
**Nos. 97-C-1437, 2001-A-257     J. Randall Wyatt, Jr., Judge**

---

**No. M2014-01311-CCA-R3-CD – Filed April 8, 2015**

---

The petitioner, Sanchez Lewan Bradford, appeals the trial court's summary dismissal of his motion to correct an illegal sentence, asserting that his sentences were illegal in that he was not sentenced to consecutive terms. After review, we affirm the summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Sanchez Lewan Bradford, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

On October 2, 1997, in case number 97-C-1437, the petitioner pled guilty to possession of 0.5 grams or more of cocaine with intent to sell or deliver, a Class B felony, and was sentenced to eight years, suspended to probation upon serving one year. Thereafter, on April 26, 2001, in case number 2001-A-257, the petitioner pled guilty to possession of 0.5 grams or more of cocaine with intent to sell, a Class B felony, and was sentenced to ten years.[1] The court ordered that the ten-year sentence in case number 2001-A-257 run concurrently with the sentence in 97-C-1437.

---

[1] Other charges in the indictments were dismissed.

On April 21, 2014, the petitioner filed a *pro se* motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, arguing that his sentences were illegal because they were ordered to be served concurrently, rather than consecutively. On June 23, 2014, the trial court entered an order summarily dismissing the motion, determining that "the imposition of consecutive sentencing is left to the discretion of the sentencing court; it is not mandatory. The [petitioner] benefit[]ed greatly from the agreement when he received a concurrent sentence." The petitioner appealed.

## ANALYSIS

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended

2

uniform judgment document, <u>see</u> Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1. Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. <u>See, e.g.,</u> <u>Cantrell v. Easterling</u>, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

On appeal, the petitioner argues that the trial court illegally sentenced him to serve his sentence in case 2001-A-257 concurrently with his sentence in case 97-C-1437. He asserts that the sentence was imposed in direct contravention of Tennessee Code Annotated section 40-35-115(b)(6) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) because he committed the offense in case 2001-A-257 while he was on probation in case 97-C-1437. However, neither the statute nor the rule *requires* consecutive sentencing in cases where a defendant commits a new crime while on probation. Tennessee Code Annotated section 40-35-115(b)(6) provides that the trial

3

court "*may* order sentences to run consecutively if [it] finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation[.]" Id. (emphasis added). Thus, although the petitioner committed the offense in case 2001-A-257 while he was on probation in case 97-C-1437, the trial court was not *required* to impose consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(6). In addition, the petitioner's reliance on Tennessee Rule of Criminal Procedure 32(c)(3)(C) is misplaced because he was not released on bail in case 97-C-1437 when he committed the offense in case 2001-A-257.

We, therefore, conclude that the petitioner failed to present a colorable claim of an illegal sentence, and the trial court acted properly in dismissing the petitioner's motion without a hearing or appointing counsel.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE