IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2015

## MARCUS DEANGELO LEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County
Nos. 95-10473, 95-11561-62    James Lammey, Jr.,  Judge**

---

**No. W2014-00994-CCA-R3-CO  -  Filed May 13, 2015**

---

The defendant, Marcus Deangelo Lee, argues that the trial court erred in denying him relief under Tennessee Rule of Criminal Procedure 36.1 after finding that his sentences were illegal and the illegality was a material component of the plea agreement.  The State agrees with the defendant's assertion.  After review, we conclude that the trial court should have allowed the defendant the remedies available to him under Rule 36.1, and we, therefore, reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court.  JOHN EVERETT WILLIAMS, J., filed a dissenting opinion.  CAMILLE R. MCMULLEN, J., concurred in results only.

Marcus Deangelo Lee, Pro Se (on appeal) and Todd Mosley (at hearing), Memphis, Tennessee, for the Defendant-Appellant, Marcus Deangelo Lee.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

On December 11, 1995, the defendant pled guilty to possession of cocaine with intent to sell (case number 95-10473), possession of a deadly weapon with the intent to employ it during the commission of a crime (case number 95-11561), and the sale of cocaine (case number 95-11562).  Pursuant to a plea agreement, the trial court sentenced

the defendant to serve concurrent terms of three years, one year, and three years, respectively, in the county workhouse. Since that time, the defendant

> has filed numerous pleadings challenging his convictions, including a petition for a writ of error coram nobis, <u>Marcus Deangelo Lee v. State</u>, No. W2006-02031-CCA-R3-CO, 2007 WL 1575220 (Tenn. Crim. App. May 31, 2007); a post-conviction petition, <u>Marcus Deangelo Lee v. State</u>, No. W2009-00256-CCA-R3-PC, 2009 WL 2517043 (Tenn. Crim. App. Aug. 18, 2009); a motion for delayed appeal, <u>Marcus D. Lee v. State</u>, No. W2009-02478-CCA-R3-PC, 2010 WL 2219659 (Tenn. Crim. App. May 27, 2010); a motion to reopen his post-conviction proceedings, <u>Marcus Deangelo Lee v. State</u>, W2011-01003-CCA-R3-PC, 2011 WL 3849629 (Tenn. Crim. App. Aug. 31, 2011); and a motion to correct clerical errors in his judgments, <u>State v. Marcus Deangelo Lee</u>, No. W2011-02160-CCA-R3-CD, 2012 WL 2913361 (Tenn. Crim. App. July 17, 2012). All of these pleadings were either denied or dismissed, and this Court affirmed their dispositions.

<u>Marcus Deangelo Lee v. State</u>, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *2 (Tenn. Crim. App. Mar. 7, 2014).

Thereafter, the defendant filed a "Motion to Correct Clerical Errors in the Judgment or Entry that Renders the Judgments Void Nunc Pro Tunc," arguing that his sentences in case numbers 95-11561 and 95-11562 were illegal because he was released on bail in case number 95-10473 when he committed those offenses; therefore, the sentences in those cases should have been ordered to be served consecutively. <u>Id.</u> at *1, 3. He asked this court to retroactively apply Tennessee Rule of Criminal Procedure 36.1 to his case and correct his sentence. <u>Id.</u> at *4. This court relied on its earlier rulings in <u>George William Brady v. State</u>, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) and <u>State v. Brandon Rollen</u>, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013), and agreed that Rule 36.1 should be applied retroactively to the defendant's claim of an illegal sentence. <u>Id.</u> at *5. The court determined that the defendant presented a colorable claim for relief under Rule 36.1 and remanded the case to the trial court for appointment of counsel and consideration of the merits of the defendant's claim. <u>Id.</u> at *6.

Upon remand, after a hearing, the trial court entered an order finding that the defendant's sentences in case numbers 95-11561 and 95-11562 were illegal because they should have been imposed consecutively to the sentence in case number 95-10473, and that the illegal provision for concurrent sentencing was a material component of the plea agreement. However, the court denied relief, finding that the sentences had expired and,

therefore, the defendant was no longer a defendant for purposes of Rule 36.1. The defendant appealed.

## ANALYSIS

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

3

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1. Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. See, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011). "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014).

The trial court's denial of relief because the defendant's sentences were expired is essentially a finding that the defendant's claim is moot. The concept of mootness deals with the circumstances that render a case no longer justiciable. McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). "A moot case is one that has lost its character as a present, live controversy." Id. "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." Id. Along these lines, we acknowledge that at least two other panels of this court have recently concluded that a challenge to the legality of a sentence becomes moot once the sentence has been served. See State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *3 (Tenn. Crim. App. Dec. 26, 2014); State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014). However, it is our view that the trial court erred in finding that it was without jurisdiction to handle the defendant's proceeding under Rule 36.1 and determine that the concurring in results only opinion in John Talley is the correct view of the law.

In his concurring in results only opinion in John Talley, Presiding Judge Woodall explained:

Rule 36.1 was promulgated and adopted by the Tennessee Supreme Court in an order filed December 18, 2012, and Rule 36.1 was subsequently "ratified and approved [by the Tennessee General Assembly] by House Resolution 33 and Senate Resolution 11." Compiler's Notes, Tenn. R.

4

Crim. P. 36.1. This rule, authored by our supreme court and ratified and approved by the Tennessee General Assembly, begins with the following clear and unambiguous words:

> Either the defendant or the state may, *at any time*, seek correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.

Tenn. R. Crim. P. 36.1(a) (emphasis added).

To me "at any time" means what it says, whether before or after sentences have been fully served. If our supreme court had intended for Rule 36.1 relief to not be available when the challenged sentences have been fully served, that specification would have been clearly stated. If the General Assembly had desired the restriction in the rule, one or both houses of the General Assembly would have refused to ratify and approve Rule 36.1 as it is written.

It is my respectful opinion that even if (1) I disagree with some or all of Rule 36.1's provisions, and (2) I believe the consequences of the rule can ultimately and unfairly lead to trial courts in Tennessee vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1. Accordingly, I respectfully concur only to the extent the judgment is reversed and the case is remanded for proceedings in accordance with my understanding of the wording in Rule 36.1.

John Talley, 2014 WL 7366257, at *3-4. See also State v. Omar Robinson, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014).

In light of the trial court's findings that the defendant's sentence was illegal and that the illegal provision for concurrent sentencing was a material component of the plea agreement, the trial court should have followed the procedure outlined in Tennessee Rule of Criminal Procedure 36.1(c)(3). On remand, the defendant should be given an opportunity to withdraw his plea. If the defendant chooses to withdraw his plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

5

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE