IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2015

**STATE OF TENNESSEE v. MAURICE CURRIE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 8109     Joseph H. Walker, III, Judge**

**No. W2015-00166-CCA-R3-CD  -  Filed October 23, 2015**

The defendant, Maurice Currie, appeals the summary dismissal of his motion to correct an illegal sentence.  He asserts that the trial court erred in summarily dismissing his motion because Rule 36.1 of the Tennessee Rules of Criminal Procedure does not place a time limit on the filing of a claim and the court improperly treated the motion as a petition for writ of habeas corpus.  After review, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Maurice Currie, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

In 2007, the defendant was convicted by a Dyer County Circuit Court jury of possession of more than .5 grams of cocaine with intent to sell or deliver and was sentenced to eight years.  See State v. Maurice Currie, No. W2008-01090-CCA-R3-CD, 2009 WL 2998916, at *1 (Tenn. Crim. App. Sept. 21, 2009).  Later that same year or in early 2008, the Circuit Court in Lauderdale County convicted the defendant following a bench trial of possession of more than .5 grams of cocaine with intent to deliver and sentenced him to eight and one-half years.  See State v. Maurice Currie, No. W2008-

01013-CCA-R3-CD, 2008 WL 5272474, at *1 (Tenn. Crim. App. Dec. 18, 2008), perm. app. denied (Tenn. Apr. 27, 2009). The Lauderdale County sentence was evidently ordered to be served concurrently with the Dyer County sentence.

In 2014, the defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the defendant alleged that he had been out on bond from the Lauderdale County offense at the time of his arrest for the offense in Dyer County and was thus not eligible to receive concurrent sentences according to Tennessee Code Annotated section 40-20-111 and Tennessee Rule of Criminal Procedure 32(c)(3)(C). He further alleged that he entered into a plea agreement to resolve the Lauderdale County charge and that receiving a concurrent sentence was an element of the agreement.[1]

On January 8, 2015, the trial court dismissed the motion without a hearing. The court denied the defendant's motion on the basis that he did not "provide the proper documentation of the convictions and bond release to support his contentions." The trial court's order indicated that the court possibly treated the motion as a petition for writ of habeas corpus. The court also noted that the defendant had been "released from probation" in the Lauderdale County case.

The defendant contends that the trial court erred by summarily dismissing his motion to correct an illegal sentence because Rule 36.1 of the Tennessee Rules of Criminal Procedure does not place a time limit on the filing of a claim and the court improperly treated the motion as a petition for writ of habeas corpus. He asserts that he stated a colorable claim that his sentences were improperly aligned concurrently, entitling him to the appointment of counsel and a hearing.

Tennessee Rule of Criminal Procedure 36.1 provides:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already

_____

[1]The defendant alleges that the Lauderdale County case was resolved by plea agreement, but our opinion on direct appeal in that case indicates that there was a bench trial and the State recommended the sentence.

2

represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1. Prior to the adoption of this Rule, defendants generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. See, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28, § 2(H): "A colorable claim is a claim . . . that, if taken as true,

in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

The fact that the defendant's sentence may have expired does not render the defendant's claim moot as Rule 36.1 states that a defendant "may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a) (emphasis added). In addition, "in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." State v. Brandon Rollen, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); see George William Brady v. State, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the defendant's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").

Tennessee Code Annotated section 40-20-111 provides:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

See also Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail, and the defendant is convicted of both offenses). The assertions in the defendant's motion, taken as true and viewed in the light most favorable to the defendant, would establish a colorable claim for relief from an illegal sentence because the defendant alleges that he was released on bail for one offense when he was arrested for another offense but nonetheless received concurrent sentences.

Having determined that the defendant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its language, Rule 36.1 requires that once the defendant has stated a colorable claim, he must be afforded counsel if indigent, and the trial court must hold a hearing on the motion unless waived by all the parties. See Tenn. R. Crim. P. 36.1(b). Accordingly, we reverse the

4

judgment of the trial court and remand for proceedings consistent with this opinion.


_____

ALAN E. GLENN, JUDGE