IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

**STATE OF TENNESSEE v. CHARLES OWENS**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-D-2592     J. Randall Wyatt, Jr., Judge**

**No. M2015-01361-CCA-R3-CD – Filed March 14, 2016**

The defendant, Charles Owens, filed an unsuccessful Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence, the alleged illegality being that he was not present, either in person or by video, at his sentencing.  He asks that his conviction and sentence be declared illegal and void.  The trial court concluded, without a hearing, that the motion failed to state a colorable claim for relief, and this appeal followed. Following our review, we affirm the dismissal of the motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Charles Owens, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The defendant was convicted by a jury of six counts of aggravated sexual battery and received an effective sentence of twenty-four years.  The only claim raised in his direct appeal was that prosecutorial misconduct prevented his receiving a fair trial.  This court concluded otherwise and affirmed the judgments.  State v. Charles Owens, No. M2005-02571-CCA-R3-CD, 2007 WL 1094136, at *1 (Tenn. Crim. App. Apr. 12, 2007),

perm. app. denied (Tenn. Aug. 20, 2007). He then filed a petition for post-conviction relief, claiming that his trial counsel had been ineffective. Both the post-conviction court and this court concluded that he had failed to show that he had been prejudiced by the action of trial counsel. Charles Owens v. State, No. M2009-00558-CCA-R3-PC, 2010 WL 1462529, at *1 (Tenn. Crim. App. Apr. 13, 2010), perm. app. denied (Tenn. Sept. 22, 2010). Subsequently, he filed a Rule 36.1 motion, arguing, for the first time, that his 2004 sentencing had been illegal and void because, contrary to the requirements of Rule 43(a)(3) of the Tennessee Rules of Criminal Procedure, his rights had been violated because he was not present at his sentencing, either in person or by video conference.

In his Rule 36.1 motion, the defendant relies upon Tennessee Rule of Criminal Procedure 43(a), which provides, in part, that a defendant's presence is required at the imposition of sentence, unless excused by the court upon the defendant's motion. The defendant asserts that he did not waive his right to be present at the sentencing, as allowed by subsection (b). He does not explain why he did not present this claim in his earlier unsuccessful petition for post-conviction relief. As we will explain, Rule 36.1 cannot provide relief to the defendant, even if his claims were true.

As we have set out, Tennessee Rule of Criminal Procedure 43(a) provides that a criminal defendant shall be present at court for important proceedings, including the imposition of the sentence. However, subsection (b) permits a defendant to waive his presence at the imposition of sentence.

In Cantrell v. Easterling, 346 S.W.3d 445, 449-52 (Tenn. 2011), our supreme court explained that there are three general categories of sentencing errors, consisting of clerical, appealable, and fatal errors. In State v. Adrian R. Brown, --- S.W.3d ---, 2015 WL 7748275, at *5 (Tenn. Dec. 2, 2015), our supreme court noted that "[c]laims of appealable error generally involve attacks on the correctness of the methodology the trial court used to impose sentence." Cited in Adrian R. Brown to further explain this point was the opinion of this court in State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014), where we concluded that:

> [T]he Defendant's initial assertions concerning the methodology used by the trial court in imposing sentence did not set forth a colorable claim cognizable under Rule 36.1. Rule 36.1 provides an avenue for pursuing the correction of *illegal* sentences, defined by the Rule as a sentence "not authorized by the applicable statutes" or a sentence "that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). See also Cantrell, 346 S.W.3d at 452-53 (setting forth the definition, and examples, of illegal sentences). Thus, the Rule is directed at the sentence finally

imposed, not the methodology by which it is imposed.

The defendant could have pursued by direct appeal or petition for post-conviction relief his complaint that he was not present at his sentencing. Since his claim, even if true, goes to the methodology of his sentencing but would not result in his sentence being illegal, his motion failed to present a colorable claim for relief and was properly dismissed without a hearing.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE